UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland, III, # 09030325, *aka William H. Rutland, III,* ) | C/A No. 8:09-2476-SB-BHH |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| Sargent Burkeholder, Shift Sargent, Berkeley County Sheriff's Office-Detention Center; Sargent Sanders, BCSD, BCDC, and Sargent Jacumin, BCSD, BCDC, ) | |
| Defendants. ) | |

This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is confined at the Berkeley County Detention Center in Moncks Corner, South Carolina. This is the sixteenth civil case he has filed in this Court since January 2009.

## **Background of this Case**

In this case, he seeks damages and other relief for alleged "denial of access to court," claiming that on August 28, 2009, Defendants "seized" his only stamped envelope, and that he had "fully intended to utilize the stamped envelope in [his] already prepared response to Defendants['] Motion for Summary Judgement" in Civil Action Nos. 8:09-1717 and -1754. Plaintiff claims that he is "indigent."

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Review of the dockets in both of the cases referenced by Plaintiff discloses that the response to the motion for summary judgment in Civil Action 8:09-1717 was not due until September 24, but it was actually filed several days early on September 11.[2]  Plaintiff's response in Civil Action No. 8:09-1754 was not due until September 28, but it was also filed early on September 11.  A second *Roseboro* order was issued in Civil Action No. 8:09-1754 on September 29, but Plaintiff's response to that order is not due until November 2, 2009.  It is also noted that, in addition to getting his responses to the summary judgment motions filed early, Plaintiff also submitted three new civil complaints to this Court through the United States postal mail since the alleged "seizure" of the stamped envelope on August 28, 2009.   This case and Civil Action Nos. 8:09-2430 and 8:09-2409 were opened with those complaints.

## Pro se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

---

[2] This Court may take judicial notice of the contents of the docket and pleadings in Civil Action Nos. 8:09-1717 and -1754.  *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records)

meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **Analysis**

A careful review of the allegations of Plaintiff's Complaint discloses that his contentions relating to the alleged "seizure" of his stamped envelope on August 28, 2009 do not raise a cognizable federal claim under 42 U.S.C. § 1983[3] because there are no allegations of any *real* injury and/or prejudice that Plaintiff has suffered or is likely to suffer as a result of the alleged seizure of his envelope by Defendants. Prison or jail officials deny prisoners their right to access the courts by depriving them of a "reasonably adequate opportunity" to challenge their sentence or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey,* 518 U.S. 343, 354-55 (1996). However, depriving prisoners of this opportunity only "in some theoretical sense" will not establish a violation of the right to access the courts. *Lewis,* 518 U.S. at 351. Rather, a prisoner seeking to assert an access-to-court claim under § 1983 must specifically allege facts that would support a finding that jail or prison officials' conduct inflicted an "actual injury," *i.e.*, that

---

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

the conduct hindered his efforts to pursue a non-frivolous legal claim. *Id.* at 351-53; *see Magee v. Waters*, 810 F.2d 451 (4th Cir.1987)(actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week).

The allegations in the Complaint that Plaintiff "intended to use" the seized envelope to send in his responses to summary judgment filed by the defendants in two of his cases in this Court, viewed in light of the true facts subject to judicial notice and easily gleaned from the dockets of the two cases referenced by Plaintiff, are insufficient to show the required injury or prejudice for a viable access-to-court claim against Defendants. The alleged seizure of the only stamped envelope that Plaintiff might have had in his possession on August 28, 2009 obviously did not prevent Plaintiff from thereafter filing his responses to the summary judgment motions in a timely fashion. Apparently Plaintiff received additional stamps and envelopes shortly after the seizure because his responses in both cases were actually filed early and are currently pending before the Court. As a result, it is plain that Plaintiff suffered no "prejudice" from the alleged taking of his stamped envelope and he was in no way hindered in his efforts to pursue the legal claims made in Civil Action Nos. 8:09-1717 and -1754. His continuing, active pursuit of all the other fourteen cases he currently has pending in this Court also indicates a complete lack of prejudice or actual injury arising from the one-time seizure of one stamped envelope from his cell.[4] Accordingly, he fails to state a viable access-to-court claim against any of the officers named as Defendants and his Complaint is frivolous.

Finally, to the extent that Plaintiff's allegations could be liberally construed as a due-process-type claim about the taking of the envelope from his cell, *i.e.*, his personal property, they still fail to

---

[4]Although, as stated previously, Plaintiff has filed sixteen cases in this Court including this one, Civil Action No. 8:09-1753 is now closed and now longer pending before the Court. Thus, not counting this case, Plaintiff still has fourteen case pending in this Court.

state a non-frivolous constitutional claim under § 1983 because Plaintiff has an adequate state-court remedy for such personal property taking issues. The South Carolina Torts Claim Act, S.C. Code Ann. §§ 15-78-10 through15-78-220, can provide a remedy against any Berkeley County officials or employees responsible for any wrongful taking of Plaintiff's personal property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a prisoner with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process due to frivolity. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). The undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and, therefore, should be deemed a **strike** under this statute.

Plaintiff's attention is directed to the important notice on the next page.

                                                         s/Bruce Howe Hendricks
                                                         United States Magistrate Judge

October 1, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).